IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | No. 9:23CR 25 |
| v. | § § § | |
| LARRY BUCKLEY (1)  | § § § § § § § § | Judge Crone |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

Violation: 21 U.S.C. § 846
(Conspiracy to Distribute and Possess
with the Intent to Distribute a Controlled
Substance (Methamphetamine)).

From on or about August 1, 2022, the exact date being unknown to the Grand Jury, and continuing thereafter until on or about July 31, 2023, in the Eastern District of Texas and elsewhere, **Larry Buckley,** ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, defendants, knowingly and intentionally conspired and agreed with each other, and with persons known and unknown to the Grand Jury, to distribute and to possess with the intent to distribute methamphetamine (actual), a Schedule II controlled substance.

in violation of 21 U.S.C. § 841(a)(1).

Indictment – Page 1

Quantity of Methamphetamine Involved in the Conspiracy

With respect to defendants **Larry Buckley** and ▓▓▓▓▓▓▓▓ their conduct in the conspiracy charged in this count, which includes the reasonably foreseeable conduct of other members of the conspiracy, is 50 grams or more of methamphetamine (actual), a Schedule II controlled substance.

With respect to defendant ▓▓▓▓▓▓▓▓, his conduct in the conspiracy charged in this count, which includes the reasonably foreseeable conduct of other members of the conspiracy, is 5 grams or more of methamphetamine (actual), a Schedule II controlled substance.

With respect to defendant ▓▓▓▓▓▓▓▓ their conduct in the conspiracy charged in this count, which includes the reasonably foreseeable conduct of other members of the conspiracy, is a detectable amount of methamphetamine (actual), a Schedule II controlled substance.

All in violation of 21 U.S.C. § 846.

## Count Two

Violation: 21 U.S.C. § 841(a)(1)
(Possession with Intent to Distribute and
Distribution of a Controlled Substance)

On or about August 8, 2022, in the Eastern District of Texas, ▓▓▓▓▓▓▓▓ defendants, did knowingly and intentionally distribute and possess with the intent to distribute a detectable amount of methamphetamine (actual), a Schedule II controlled substance.

Indictment – Page 2

In violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

### Count Three

> Violation: 21 U.S.C. § 841(a)(1)
> (Possession with Intent to Distribute and
> Distribution of a Controlled Substance)

On or about August 26, 2022, in the Eastern District of Texas, ▮▮▮▮▮ ▮▮▮▮▮ defendant, did knowingly and intentionally distribute and possess with the intent to distribute a detectable amount of methamphetamine (actual), a Schedule II controlled substance.

In violation of 21 U.S.C. § 841(a)(1).

### Count Four

> Violation: 21 U.S.C. § 841(a)(1)
> (Possession with Intent to Distribute and
> Distribution of a Controlled Substance)

On or about September 5, 2022, in the Eastern District of Texas, ▮▮▮▮▮ ▮▮▮▮▮, defendant, did knowingly and intentionally distribute and possess with the intent to distribute a detectable amount of methamphetamine (actual), a Schedule II controlled substance.

In violation of 21 U.S.C. § 841(a)(1).

### Count Five

> Violation: 21 U.S.C. § 841(a)(1)
> (Possession with Intent to Distribute and
> Distribution of a Controlled Substance)

On or about October 26, 2022, in the Eastern District of Texas, **Larry Buckley** ▮▮ ▮▮▮▮▮▮▮▮▮, defendants, did knowingly and intentionally distribute and possess

Indictment – Page 3

with the intent to distribute 50 grams or more of methamphetamine (actual), a Schedule II controlled substance.

In violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

### Count Six

> Violation: 21 U.S.C. § 841(a)(1)
> (Possession with Intent to Distribute and
> Distribution of a Controlled Substance)

On or about October 27, 2022, in the Eastern District of Texas, ████████ ████████ defendant, did knowingly and intentionally distribute and possess with the intent to distribute a detectable amount of methamphetamine (actual), a Schedule II controlled substance.

In violation of 21 U.S.C. § 841(a)(1).

### Count Seven

> Violation: 21 U.S.C. § 841(a)(1)
> (Possession with Intent to Distribute and
> Distribution of a Controlled Substance)

On or about October 31, 2022, in the Eastern District of Texas, **Larry Buckley,** defendant, did knowingly and intentionally distribute and possess with the intent to distribute 5 grams or more of methamphetamine (actual), a Schedule II controlled substance.

In violation of 21 U.S.C. § 841(a)(1).

### Count Eight

> Violation: 18 U.S.C. § 924(c)(1)
> (Possession of a Firearm in Furtherance
> of a Drug Trafficking Crime)

On or about October 31, 2022, in the Eastern District of Texas, **Larry Buckley**, defendant, did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, a violation of 21 U.S.C. §§ 841 and 846, possess with the intent to distribute and distribution of a controlled substance, as alleged in Count Seven of the indictment and conspiracy to distribute a controlled substance, as alleged in Count One of the indictment.

In violation of 18 U.S.C. § 924(c)(1).

### Count Nine

Violation: 18 U.S.C. 922(g)(1)
(Possession of a Firearm by a Prohibited Person)

On or about October 31, 2022, in the Eastern District of Texas, **Larry Buckley**, defendant, did knowingly and unlawfully possess in and affecting interstate or foreign commerce, firearms, to wit: an ATI, semi-automatic shotgun, model Bull Dog, 20-gauge and a Ruger, semi-automatic pistol, model Security 9, 9mm, while knowing that he had been convicted of a crime or crimes punishable by imprisonment for a term exceeding one year.

In violation of 18 U.S.C. § 922(g)(1).

### Count Ten

Violation: 21 U.S.C. § 841(a)(1)
(Possession with Intent to Distribute and Distribution of a Controlled Substance)

On or about December 7, 2022, in the Eastern District of Texas, **Larry Buckley,** defendant, did knowingly and intentionally distribute and possess with the intent to distribute 50 grams or more of methamphetamine (actual), a Schedule II controlled substance.

In violation of 21 U.S.C. § 841(a)(1).

### Count Eleven

> Violation: 21 U.S.C. § 841(a)(1)
> (Possession with Intent to Distribute and Distribution of a Controlled Substance)

On or about May 16, 2023, in the Eastern District of Texas, ▌[redacted]▌ defendant, did knowingly and intentionally distribute and possess with the intent to distribute a detectable amount of methamphetamine (actual), a Schedule II controlled substance.

In violation of 21 U.S.C. § 841(a)(1).

### Count Twelve

> Violation: 21 U.S.C. § 841(a)(1)
> (Possession with Intent to Distribute and Distribution of a Controlled Substance)

On or about May 31, 2023, in the Eastern District of Texas, **Larry Buckley,** defendant, did knowingly and intentionally distribute and possess with the intent to distribute 50 grams or more of methamphetamine (actual), a Schedule II controlled substance.

In violation of 21 U.S.C. § 841(a)(1).

## Count Thirteen

> Violation: 18 U.S.C. § 924(c)(1)
> (Possession of a Firearm in Furtherance
> of a Drug Trafficking Crime)

On or about May 31, 2023, in the Eastern District of Texas, **Larry Buckley**, defendant, did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, a violation of 21 U.S.C. §§ 841 and 846, possess with the intent to distribute and distribution of a controlled substance, as alleged in Count Twelve of the indictment and conspiracy to distribute a controlled substance, as alleged in Count One of the indictment.

In violation of 18 U.S.C. § 924(c)(1).

## NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE
### Criminal Forfeiture Pursuant to 21 U.S.C. § 853

Upon conviction of the controlled substance offenses alleged in Counts One, Five, Six, Seven, Ten, and Twelve of this indictment **Larry Buckley** and ▮▮▮▮▮▮ ▮▮▮▮▮▮ defendants, shall forfeit to the United States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained directly, or indirectly, as a result of the said violation, and any property used, or intended to be used in any manner or part, to commit or to facilitate the commission of the said violation, including but not limited to the following:

### Money Judgment

A sum of money equal to five thousand and thirty-two dollars ($5,032.00) in United States currency, representing the amount of proceeds obtained as a result of the offense

alleged in Counts One, Two, Three, Four, Five, Six, Seven, Ten, Eleven, and Twelve of this indictment. Each defendant is individually liable for the money judgment as shown below:

    (a) Based on **Larry Buckley's** involvement, he is personally liable for $4,032.00 in United States currency.

    (b) Based on ▮▮▮▮▮▮▮▮ involvement, he is personally liable for $1,000.00 in United States currency.

**<u>Substitute Assets</u>**

If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty.

It is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

By virtue of the commission of the felony offenses charged in this indictment by the defendants any and all interest the defendants have in the above-described properties is

vested in the United States and hereby forfeited to the United States pursuant to 21 U.S.C. § 853.

                                            A TRUE BILL

                                            _____
                                            GRAND JURY FOREPERSON

DAMIEN M. DIGGS
UNITED STATES ATTORNEY


_____        _____
DONALD S. CARTER                          Date
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | No. 9:23CR__ |
| v. | § § | |
| LARRY BUCKLEY (1)  | § § § § § § § | Judge Crone |

## NOTICE OF PENALTY

### Counts One, Two, Three, Four, Five, Six, Seven, Ten, Eleven, and Twelve

Violation:   21 U.S.C. §§ 841(b) and 846

Penalty:   If 50 grams or more of methamphetamine (actual) its salts, isomers, and salts of its isomers or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine - imprisonment of not less than 10 years, but not more than life, a fine not to exceed $10,000,000.00 (or twice any pecuniary gain to the defendant or loss to any victim), or both, and supervised release of at least 5 years;

If 5 grams or more, but less than 50 grams of methamphetamine (actual) its salts, isomers, and salts of its isomers or 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine - imprisonment of not less than 5 years, but not more than 40 years, a fine not to exceed $5,000,000.00 (or twice any pecuniary gain to the defendant or loss to any victim), or both, and supervised release of at least 4 years;

If less than 5 grams of methamphetamine (actual) its salts, isomers, and salts of its isomers or less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine - not more than 20 years imprisonment, a fine not to exceed $1,000,000.00 (or twice any pecuniary gain to the defendant or loss to any victim), or both, and supervised release of at least 3 years.

Special Assessment:   $ 100.00

## Counts Eight and Thirteen

Violation:   18 U.S.C. § 924(c)

Penalty:   Imprisonment of not less than 5 years, unless the firearm is brandished, in which case the minimum is 7 years, or unless the firearm is discharged, in which case the minimum sentence is 10 years, which must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000.00, or both; and supervised release of not more than five (5) years.

In the case of the firearm being short-barreled rifle, short-barreled shotgun, or semiautomatic assault weapon imprisonment of not less than 10 years, which must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000.00, or both; and supervised release of not more than five (5) years.

In the case of a second or subsequent conviction, imprisonment of not less than 25 years which must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000, or both; and supervised release of not more than five (5) years.

Special Assessment:   $ 100.00

## Count Nine

Violation:   18 U.S.C. 922(g)(1)

Penalty:   Possession of a Firearm by a Prohibited Person

Imprisonment of not more than fifteen (15) years, a fine not to exceed $250,000 or twice the pecuniary gain to the defendant or loss to the victim, or both imprisonment and a fine; and a term of supervised release of not more than three (3) years. If the Court determines that the defendant is an Armed Career Offender under 18 U.S.C. § 924(e), imprisonment of not less than 15 years and not more than life, a fine not to exceed $250,000 or twice the pecuniary gain to the defendant or loss to the victim, or both; a term of supervised release of not more than five (5) years.

Special Assessment:   $ 100.00